# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RONALD E. DULA,<br>    Plaintiff, | Case No. 1:21-cv-403<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against the City of Cincinnati, its employees, and others alleging violations of his constitutional rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff

claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that Dr. Mark Magner, a physician at The Christ Hospital, performed a surgical discectomy on plaintiff in 2015. Dr. Manger performed a revision procedure on plaintiff in 2016, and in 2018 plaintiff learned he would need an additional surgery to remove equipment from his back. Plaintiff alleges that City of Cincinnati and Hamilton County, Ohio employees obstructed justice and violated his constitutional rights when they failed to investigate Dr. Mark Magner's actions and declined to file criminal charges against Magner. Plaintiff alleges he was advised by a City of Cincinnati assistant prosecutor that she had read plaintiff's medical records, Dr. Magner had done nothing wrong, and the City would not be filing charges against Dr. Magner. He alleges that a Hamilton County employee led him to believe that plaintiff could file an assault charge against Dr. Magner on his own, and he later discovered that no assault charge was ever processed. Plaintiff alleges he discovered a misleading warrant and other documents indicating the City was going to prosecute Dr. Magner but then "abruptly stopped." (Doc. 1-2 at PAGEID 12). Plaintiff complained to officials at The Christ Hospital, but they refused to negotiate a settlement with him. Plaintiff also alleges he met with two attorneys in 2017 concerning his potential medical claim against Dr. Magner, but they declined to represent him. The complaint states:

> The case brought before Judge Allen Case No. A1906021 was based on the liable of the tortious acts of breach of Fiduciary duty through Civil Conspiracy, Fraudulent Concealment, Fraud and Obstruction of Justice and Violating my Civil Rights Under Rights of Act 1871 (42 U.S.C. 1983) and under Color of Law all with

3

Intentional Tort and strict Liability, Obstructing Justice 2921.32 and U.S.C. 242 Section 242.

(*Id.*). As relief, plaintiff requests the following:

I would like the Court to look at the video/audio links & overturn the decisions of the appellate court's arguments. To look at the appellate court's decision & overturn the decision because the court did not state the facts of the case & did not address the tortious acts that were committed by all those involved.

(Doc. 1-2 at PAGEID 27). Plaintiff also seeks an award of damages in the amount of $5,000,000 and $2,000,000.

The Court notes that in the state court case referenced in the complaint, *Ronald E. Dula v. City of Cincinnati*, No. A 1906021 (Hamilton County, Ohio Court of Common Pleas), plaintiff sued the same defendants as those named in the instant federal complaint.[1] The defendants in that case filed motions to dismiss and/or for summary judgment, which were granted. On appeal, the Ohio Court of Appeals affirmed the dismissal and judgment for the defendants, noting Mr. Dula's previous lawsuits against all of these same defendants:

Over the years, Dula has filed a total of three lawsuits, all containing substantially similar claims. First, he filed suit in Federal District court for the Southern District of Ohio in *Dula v. Hamilton County Prosecutor's Office,* S.D. Ohio No. 1:18-cv-620 (Oct. 24, 2018) ("*Dula I*"). That case was dismissed with prejudice in September 2018 pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for failure to state a claim upon which relief could be granted. Next, he filed suit in the Hamilton County Court of Common Pleas in November 2018 in *Dula v. Hamilton County Prosecutor's Office,* Hamilton C.P. No. A1806009 (Jun. 20, 2019) ("*Dula II*"). He claimed obstruction of justice, conspiracy, failure to prosecute, assault, violations of his civil rights, and violations of his equal-protection and due-process rights pursuant to the Fourteenth Amendment to the United States Constitution. The case was dismissed with prejudice in June 2019. Dula did not appeal. Instead, Dula filed another lawsuit in the Hamilton County Court of Common Pleas on December 30, 2019, which is the subject of this appeal. He has claimed breach of fiduciary duty through civil conspiracy, fraudulent concealment, fraud and obstruction of

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

justice, battery, assault, and a violation of his civil rights under the Civil Rights Act of 1871 based on the same facts and allegations in his first two lawsuits.

*Dula v. Cincinnati*, No. C-200297, 2021 WL 2003085, at *1 (Ohio Ct. App. May 19, 2021). The Court of Appeals found no error in the trial judge's dismissal of Mr. Dula's claims as time-barred and on the basis of res judicata. *Id.*, at *2, *3.

As it relates to the complaint in the instant federal case, the Court finds it does not have jurisdiction to reverse the state court's judgment. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the federal district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also Hines v. Franklin Savings & Loan,* No. 1:09cv914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Lawrence,* 531 F.3d at 368 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

5

Here, plaintiff directly challenges the state court's decision dismissing his claims against the defendants, and he explicitly requests a reversal of the state appellate court's decision affirming the trial court's determination. The claimed injury alleged in the federal court complaint arises from the state appellate court's substantive ruling in plaintiff's appeal. Plaintiff requests that this federal court review the appellate court's decision and overturn that decision. Because the source of plaintiff's injury derives solely from the state court's decision to dismiss his claims, plaintiff's federal complaint is barred from review under the *Rooker-Feldman* doctrine.

Even if this Court had jurisdiction over plaintiff's claims, his complaint is barred by res judicata/claim preclusion, whereby a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Under the doctrine of claim preclusion, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *National Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1179 (Ohio 1990) (emphasis in the original) (citation omitted). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) ("[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it") (citation omitted). Under Ohio law, a prior judgment has preclusive effect if four elements are satisfied: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or

occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citation omitted). Ohio law defines "transaction" as a "common nucleus of operative facts." *Id.* at 494 (quoting *Grava*, 653 N.E.2d at 229).

All of the elements of claim preclusion are present here. First, the Hamilton County Court of Common Pleas' dismissal of plaintiff's claims based on statute of limitations grounds and res judicata constitutes a final judgment on the merits. *See Hapgood*, 127 F.3d at 494 (a "prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court") (citing *Cully v. Lutheran Med. Ctr.*, 523 N.E.2d 531, 532 (Ohio Ct. App. 1987)). As noted above, this federal court action and the state court action involve the identical defendants. Plaintiff raises the same claims in both lawsuits, and those claims arise out of the same set of facts and occurrences. Thus, the instant federal complaint is barred by res judicata and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 6/24/2021

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RONALD E. DULA, <br>     Plaintiff, <br><br> vs. <br><br> CITY OF CINCINNATI, et al., <br>     Defendants. | Case No. 1:21-cv-403 <br> Black, J. <br> Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).